UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION, CIVIL DIVISION

James L. Koutoulas,
    Plaintiff,

Case No.: 23-mc-22345

v.

United States Securities and
Exchange Commission,
    Defendant.     /

**PLAINTIFF'S REPLY
IN SUPPORT OF MOTION TO QUASH ADMINISTRATIVE SUBPOENA**

NOW COMES, Plaintiff, James L. Koutoulas ("Mr. Koutoulas"), by and through his undersigned counsel, and for his Reply in Support of Motion to Quash Administrative Subpoena issued by the United States Securities and Exchange Commission (the "Commission") regarding LGBcoin, a non-security meme cryptocurrency. In support thereof, Mr. Koutoulas respectfully states as follows:

## INTRODUCTION

On January 26, 2023, the Commission issued Mr. Koutoulas an administrative subpoena (the "Subpoena") regarding LGBcoin, a meme cryptocurrency. [D.E. 1, ¶ 18]. Mr. Koutoulas filed an objection to the Subpoena because LGBcoin is not a "security" [D.E. 1, ¶3] and therefore the Commission lacks jurisdiction. *Id.* at ¶ 19. In his objection, Mr. Koutoulas reserved all of his rights and the Commission agreed to a limited production focusing solely on the issue of whether LGBcoin is a security or not. *Id.* at ¶ 20-21. On June 9, 2023, the Commission (after receiving Mr. Koutoulas's limited production), demanded production of all documents under the Subpoena. *Id.* at ¶ 22. In its demand, the Commission did not provide any supporting law or argument as to the basis for its jurisdiction over a non-security. Similarly, the Commission, in response to Mr. Koutoulas's Motion to Quash (the "Motion"), provides absolutely no arguments or law to support its right to investigate a non-security or issue the instant Subpoena. *See generally* [D.E. 6]. Rather, the Commission makes the groundless assertion that it simply does not matter if LGBcoin is a security at this juncture. *See id.* at p. 2, 7. According to the Commission, Mr. Koutoulas should be compelled to comply with the Subpoena by producing documents, and then, and only then, would he *perhaps* have standing to challenge whether or not the Commission has jurisdiction. *See id.* This is, quite simply, illogical and turns relevant law on its head. Pursuant to the Commission's

legal position, it would have limitless jurisdiction to conduct investigatory discovery despite failing to establish its own jurisdiction because that is "for another [undefined] day." *See id.*

The law is clear: the Commission only has jurisdiction to investigate securities or issues related to securities. LGBcoin is not a security; thus, the Commission lacks jurisdiction and the Subpoena must be quashed at this time.

Mr. Koutoulas also made arguments in the Motion based on challenging the constitutionality of an administrative proceeding [D.E. 1 ¶13], Fair Notice (including *ex post facto law*) [D.E. 1 ¶12, 41-59, 93-96, 98], the Major Questions Doctrine [D.E. 1 ¶27-28], and his rights under the First and Fifth Amendments [D.E. 1 ¶7, 11, 68, 75, 76, 98, Ex. A.A1, Fn6]. The Commission elected not to respond to these several arguments. Ergo, they should be deemed waived.

**I.      The Commission Lacks Jurisdiction to Issue the Subpoena.**

The Commission's position is simply not supported by law. Indeed, the Commission's position stretches credulity. As detailed below, the Commission does not have statutory authority to investigate LGBcoin since it is not a security, and the Commission has not been given Congressional authority to regulate meme cryptocurrencies. Moreover, the Commission failed to give fair notice that cryptocurrencies, like LGBcoin, would be subject to its purview, and waived Mr. Koutoulas's fair notice and Major Questions Doctrine arguments. Finally, recent federal court decisions have confirmed that cryptocurrencies, like LGBcoin, are not securities.

**1.      The Commission's Authority is Limited to Securities.**

Here, the Commission's authority is limited to investigating securities. In its response, the Commission refuses to take the position that LGBcoin is a security. It proffers no argument or evidence that LGBcoin is a security, nor that it was ever part of a securities transaction. The

Commission has waived any argument asserting that LGBcoin is a security or has been part of a securities transaction. See *United States v. Olano,* 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst,* 304 U.S. 658, 646) (1938). It must be concluded that the Commission's investigation does not involve a securities-related issue and, therefore, there is no jurisdiction for this Subpoena.

Even if this Court determines that the Commission did not waive this, the fact remains that LGBcoin, on the merits, is not a security. In another cryptocurrency action filed by the Commission, *SEC v. Ripple Labs*, 20 Civ. 10832 (S.D.N.Y. 2023), the Court held, "XRP, as a digital token, is not in and of itself a 'contract, transaction[,] or scheme' that embodies the *Howey* requirements of an investment contract." (internal quotations original). As noted above, the Commission refuses to define LGBcoin as a security. It proffers not a scintilla of evidence that LGBcoin may be a security—because it is not. Moreover, even if the Commission had made an argument that LGBcoin is a security, that would fly in the face of its previous policy statements and violate fair notice. [D.E. 1 ¶12, 41-59, 93-96, 98]. The Commission failed to dispute Mr. Koutoulas's fair notice argument and thereby waived it.

In its Response, the Commission selectively cherrypicked from § 20(a) of the 1933 Securities Act (the "Securities Act"). The Commission willfully omitted the bolded text in its citation, "Whenever it shall appear to the Commission, either upon complaint or otherwise, that the provisions of this title, or of any rule or regulation prescribed ***under authority thereof*** have been or are about to be violated, it may, in its discretion, either require or permit such person to file with it a statement in writing, under oath, or otherwise, as to all the facts and circumstances concerning the subject matter which it believes to be in the public interest to investigate, and may investigate such facts." Securities Act, § 20(a) (emphasis added). Similarly, the Commission willfully omitted the limitation of its jurisdiction within §21(a) of the 1934 Exchange Act (the

"Exchange Act") which expressly restricts such investigations to those "under this title," i.e. those relating to *securities.* Exchange Act, § 21(a).

When there is no security, there is no Commission authority or jurisdiction. The Commission's own Formal Order of investigation, and every potential legal cause of action referenced therein, involves a violation of federal securities laws and rules. If LGBcoin is not a security, which it is not, the Subpoena is invalid and must be quashed. Thus, the Commission is on a fishing expedition in Biscayne Bay without a permit.

The Commission states in its Response its desire to conduct discovery of all of Mr. Koutoulas's bank accounts, credit cards, brokerage accounts, cryptocurrency wallets, and records controlled by him personally, his law firm, and the non-profit LetsGoBrandon.com Foundation for which he served as trustee and then later as an authorized person of its director. The Commission wants these expansive *personal* and *privileged* documents without even an allegation that LGBcoin is a security. The bottom line is *none* of these are even relevant to whether or not LGBcoin is a security under *Howey*. Nor does the Commission explain Mr. Koutoulas's remedy if he is compelled to produce and it is subsequently determined (correctly) that LGBcoin is not a security.

**2.   The Commission Waived Any Arguments Regarding: Challenging its Authority and the Major Question Doctrine.**

This Court has jurisdiction, which the Commission did not dispute, over a challenge to the constitutionality of in-house administrative proceedings. *Axon v. FTC*, 143 S. Ct. 890, 906 (2023) (consolidated with *Cochran v. SEC*). It is axiomatic that an administrative agency established by federal statute has only those limited powers prescribed by that statute. Under the Major Questions Doctrine ("MQD") [D.E. 1 ¶27-28], the Commission, absent congressional authority, does not

5

have authority to investigate cryptocurrencies.[1] The Commission did not respond to Mr. Koutoulas's MQD argument and thereby waives his argument.

Following the *Ripple Labs* holding, the House Financial Services Committee and many members of Congress took to Twitter to reiterate the need for Congress to provide clear rules for digital assets.[2] Nevertheless, mere hours after losing in *Ripple Labs,* the Commission rushed to this Court to respond to Mr. Koutoulas's Motion to Quash the Commission's "SUBPEONA" [sic] despite not being on deadline.

Since Mr. Koutoulas filed his Motion, the U.S. Senate has introduced draft legislation for the regulation of cryptocurrencies, joining the U.S. House of Representatives in indicating its intent to legislate.[3] This furthers Mr. Koutoulas's MQD argument that the Commission does not have jurisdiction to regulate cryptocurrency. Section 607 of the draft bill calls for a study in decentralized finance ("DeFi") cryptocurrencies, like the House bill cited in the Motion. **These actions clearly show congressional intent to legislate in DeFi because it is unregulated today.** *See id.* The Commission does not dispute that LGBcoin exists on DeFi within Ethereum. [D.E. 1, ¶37, 70] Both Houses of Congress have now signaled that further study is needed to create a legal and regulatory framework around cryptocurrencies and the technology LGBcoin exists on.

All of the cases cited by the Commission in support of its arguments pre-date the four relevant Supreme Court decisions cited by Mr. Koutoulas's Motion that limit administrative agency jurisdiction to that explicitly delegated by Congress. Yet, the Commission doesn't even

---

[1] *See Alabama Assn of Realtors v. HHS,* 141 S. Ct. 2485 (2021) (holding administrative agencies cannot unilaterally choose to regulate major political or economic questions absent statutory authority); *see also Nat'l Federation of Independent Bus. v. OSHA,* 595 U.S. ___ (2022), *West Virginia v. EPA,* 597 U.S. ___ (2022).
[2] See *Tweets* available at https://twitter.com/FinancialCmte/status/1679978225055985665?s=20, https://twitter.com/RepDustyJohnson/status/1681679105291436032?s=20 https://twitter.com/repritchie/status/1681316449464508416?s=42&t=IyUV0WqwatoVmWTagXKFHg https://twitter.com/gillibrandny/status/1679856849418420224?s=20
[3] See *Lummis-Gillibrand Responsible Financial Innovation Act* available at https://www.congress.gov/bill/117th-congress/senate-bill/4356/text

mention or address any of those cases, or their holdings, in its response. Therefore, it tacitly approves these cases and their holdings. *See* Fn1.

Still, the Commission somehow implies that cryptocurrency is already within its jurisdiction despite only mentioning cryptocurrency once in its Response (other than quoting two requests in the Subpoena). The Commission also makes the head-scratching statement that LGBcoin only "purports" to be a cryptocurrency. [D.E. 6 at p. 1]. What does that mean?

As discussed above, the Commission waived the argument that LGBcoin is a security. Even if the Court disagrees, it must reject the Commission's "for another day" theory or jurisdictional determination. Here, the Commission does not cite a single authority covering cryptocurrencies in its entire response. The Commission does not cite a single Eleventh Circuit or Supreme Court case showing it has subject matter jurisdiction without a finding of a security.[4] One of the two Eleventh Circuit cases cited, *EEOC v. Tire Kingdom, Inc.,* the Court ruled an age discrimination-related subpoena issued by the Equal Employment Opportunity Commission was within the subject matter jurisdiction of the EEOC—as the EEOC investigates discrimination. *Id.* The Commission's reliance on the other Eleventh Circuit case, *SEC v. Marin,* is similarly misplaced. In *Marin*, the Commission was investigating day trading of *securities* and the challenge was to personal jurisdiction, not subject matter jurisdiction. *Id.* Still, the Eleventh Circuit held that an evidentiary hearing was warranted. *Id.* Moreover, the Commission's other citations pre-date the four recent Supreme Court decisions cited in the Motion. The Commission rests its hat on pre-dated, inapposite cases and simply ignores recent precedent that clearly defeats its position. *See* Fn1.

---

[4] See *SEC v. Marin*, 982 F.3d 1341, 1352 (11th Cir. 2020), *SEC v. Brigadoon Scotch Distributing Co., 480 F.2d 1047, 1053 (2d Cir. 1973), SEC v. Wall St. Transcript Corp.*, 422 F.2d 1371, 1375 (2d Cir. 1970), *SEC v. Howatt,* 525 F.2d 226, 229, *SEC v. Savage,* 513 F.2d 188, 189 (7th Cir. 1975*), SEC v. Jerry T. O'Brien, Inc.,* 467 U.S. 735, 743-44 (1984*), EEOC v. Tire Kingdom, Inc.,* 80 F.3d 449, 450 (11th Cir. 1996*), Pennington v. Donovan,* 574 F. Supp. 708, 709 (S.D. Tex. 1983).

**3.     The Commission Waived Mr. Koutoulas's Argument that it has not Targeted Other Meme Cryptocurrencies.**

The Commission does not dispute that other meme cryptocurrencies have not been targeted for investigation or the issuance of a subpoena. The Commission did not differentiate other, untargeted meme cryptocurrencies such as DOGE, SHIBA, and Miami Coin from LGBcoin. *See generally* D's Resp. In its Response, the Commission ***admits*** it has not made a finding that LGBcoin is a security or was part of a securities transaction. *Id.* at p. 2. The Commission incomprehensibly alleges, "[w]hether LGBcoin was offered or sold as a security, or was part of transactions in securities, is an argument for another day." *Id.* at p. 2, 7. The Commission, however, fails to cite any authority for its 'novel' position. *See id.* In fact, this position baldly contradicts federal law.

**4.     The Commission Waived Mr. Koutoulas's Argument that he has the Right to Challenge Constitutionality of the Subpoena; Wrongly Asserts a "Mini-Trial" would be Wasteful.**

The Commission claims that it would be "wasting time and resources to litigate a determination [that LGBcoin is not a security] that the Commission has not yet made," [D.E. 6, p. 2] but that is exactly what *Axon* re-confirmed. Moreover, the Commission seeks to conserve its resources, but has no problem with Mr. Koutoulas expending his limited resources with hundreds of hours and hundreds of thousands of dollars he would incur in blindly responding to an overly-broad and almost-certainly-unlawfully-issued Subpoena. These demands by the Commission, to the great detriment of Mr. Koutoulas, are not supported by a shred of evidence (or even an argument) that LGBcoin falls within its jurisdiction.

The costs referenced above are exclusively limited to Mr. Koutoulas's response to this one Subpoena. Ripple has estimated the costs of its litigation through summary judgment at the district

court level have been $200 million.[5] Given these extreme costs and the absence of any statutory authority for the Commission to regulate cryptocurrencies, we pray that this Court quashes this unconstitutional Subpoena and stops the Commission's desire to arbitrarily destroy the life and business of Mr. Koutoulas. Protecting his constitutional rights hardly seems a 'waste.'

**II.     The Subpoena Was Not Issued Pursuant to a Legitimate Purpose.**

Even if the Commission had authority—which it does not— to issue a subpoena over a meme cryptocurrency, the Commission admits that the Court must still consider whether the Subpoena was issued "pursuant to a legitimate purpose."[6] LGBcoin has been used to support free speech and protest censorship. The Commission elected not to respond to this argument and it should be deemed waived.

**1.   The Issuance of the Subpoena was Retaliatory.**

LGBcoin is a meme cryptocurrency based on a satirical Halloween costume that was used to facilitate the making of memes, advocating for free speech and against social media censorship like the Court found in *Missouri v. Biden*.[7] LGBcoin has been used to make charitable donations in support of these tenets. The attempt by the Commission to enforce its unconstitutional Subpoena infringes on Mr. Koutoulas's First Amendment-protected free speech. It is difficult to fathom a legitimate purpose for the Subpoena.

---

[5] See Forbes, *The Ripple Becomes a Wave: Why XRP's Victory Lifts All Boats* available at https://www.forbes.com/sites/digital-assets/2023/07/14/the-ripple-becomes-a-wave-why-xrps-victory-lifts-all-boats/ (last visited July 17, 2023)

[6] See *EEOC v. Tire Kingdom, Inc., supra*, *Pennington v. Donovan, supra*.

[7] Since the filing of the Motion, a district court granted a preliminary injunction (currently stayed) against the Biden Administration in *Missouri v. Biden, WDLA, 3:22-CV-01213* barring the Surgeon General, White House Press Secretary, and *all* Justice Department and FBI employees from having any contact with social media firms for the purpose of infringing on First Amendment-protected speech. Judge Doughty wrote that "During the COVID-19 pandemic, a period perhaps best characterized by widespread doubt and uncertainty, the United States Government seems to have assumed a role similar to an Orwellian 'Ministry of Truth."

In addition to his advocacy through LGBcoin, Mr. Koutoulas was adverse to then-CFTC Chair Gensler when Mr. Koutoulas represented MF Global and PFGBest customers *pro bono* that led to the recovery of $7 billion in customer assets and is a federally-protected CFTC whistleblower, as described in Motion Ex. A.A1, Fn6.[8]

**2.     The Commission Falsely and Maliciously Attacks Mr. Koutoulas's Character and Falsely Impugns LGBcoin.**

In a sworn declaration -- from someone neither Mr. Koutoulas nor his counsel ever had direct contact with -- the Commission falsely accuses Mr. Koutoulas of engaging in "dilatory" tactics when he sought new counsel because his attorney had to undergo surgery for lung cancer and had never handled a defense case against the Commission. This sworn declaration also falsely accuses Mr. Koutoulas of misrepresenting that the Commission's Austin Stephenson informed his counsel that a limited production to address the fact that LGBcoin is not a security, and thereby, the Commission did not have jurisdiction to issue the Subpoena, was permitted. *See* Diskin Decl. at ¶21. These are wholly incorrect assertions.

The facts are as follows: In a letter to the Commission dated April 13, 2023 [D.E. 1, Ex. A.A1], Mr. Koutoulas's counsel stated in the opening paragraph:

> "As we discussed on our phone call, please find this initial voluntary response on behalf of Mr. James L. Koutoulas ("Mr. Koutoulas") as background and a limited summary as to key points as to why LGBcoin is not a security, and, accordingly, not subject to the jurisdiction of the U.S. Securities and Exchange Commission (the "Commission"). We are happy to have further discussions with you after you have had a chance to review."

---

[8] See also Forbes, *The Hero of MF Global's High Noon Wins Big for the Little Guy* available at https://www.forbes.com/sites/johnwasik/2013/11/27/the-hero-of-mf-globals-high-noon-james-koutoulas-wins-big-for-little-guys/?sh=6a8147631081 (last visited July 18, 2023), See National Review, *Corzine's Crime of the Century* available at https://www.nationalreview.com/2013/02/corzines-crime-century-bruce-bialosky/ (last visited July 18, 2023), Rolling Stone, Reuters, *PFGBest regulator known for inexperienced auditors* available at https://www.reuters.com/article/pfgbest-regulator-idUKL2E8IDFSZ20120714 (last visited July 18, 2023), See Crains Chicago Business, *Futures regulator dogged by questions on conflicts, governance* available at https://www.chicagobusiness.com/article/20150117/ISSUE01/301179981/national-futures-association-wrestles-with-alphametrix-aftermath (last visited July 18, 2023).

In the same letter, Mr. Koutoulas's counsel stated: "We reserve all of our rights, and by voluntarily making this filing, we are not waiving any of our rights." *Id.* The Commission never responded or attempted to correct or modify these statements in a timely fashion. What the Commission failed to do months ago, it is now attempting to sneak in through a backdoor declaration. Shame on the Commission.

The Court must question the appropriateness of Mr. Diskin swearing to statements of someone other than himself. This declaration should have been made by Mr. Stephenson, especially considering the fact that Mr. Diskin's sworn statement is clearly contradicted by the record. Finally, the Response and the Declaration also defined a false, conclusory term "ICO Issuers," which misleadingly implies to the Court that an ICO of LGBcoins occurred, because it never did.

## **CONCLUSION**

The Commission means to enforce an unconstitutional Subpoena to investigate a non-security meme cryptocurrency LGBcoin in violation of the Major Questions Doctrine, Fair Notice Doctrine, the First Amendment, the Fifth Amendment, and its own jurisdiction which is limited to securities. The Commission failed to dispute *all* of these arguments. Therefore, Mr. Koutoulas respectfully requests that this Court quash that Subpoena lest the Commission be emboldened to further trample the rights of Americans and further harm the multi-trillion dollar cryptocurrency industry, and all holders of LGBcoin and its successor. In the event this Court does not quash the Subpoena even given the foregoing, it should evaluate the legitimacy of the Subpoena's motivations. Given that the Commission has not responded to Mr. Koutoulas's allegations of political motivations of the Subpoena, this Court should allow discovery on the Commission and, if necessary, hold a hearing.

**Dated**: July 20, 2023.

                                                  Respectfully submitted,

*/s/ Nicole Martell*
**NICOLE MARTELL, ESQ.**
Florida Bar No.: 100172
nicole@ddpalaw.com
**DI PIETRO PARTNERS, PLLC**
901 East Las Olas Blvd, Suite 202
Fort Lauderdale, FL 33301
Primary Email Address:
service@ddpalaw.com
Secondary Email Address:
paralegal@ddpalaw.com
Telephone: (954) 712-3070
Facsimile: (954) 337-3824

## CERTIFICATE OF CONFERRAL

I HEREBY CERTIFY that on July 20, 2023 counsel for both parties conferred over the telephone. The parties were unable to narrow the issues, however, they will continue to communicate and will advise the court of any resolutions they are able to reach regarding the matters raised in the instant briefings.

*/s/ Nicole Martell*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 20, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses on the Electronic Mail Notice List.

*/s/ Nicole Martell*