GUNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: 23-22345-CIV-MARTINEZ**

JAMES L. KOUTOULAS,

    Plaintiff,

v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Defendant.
_____/

**ORDER DENYING MOTION TO QUASH SUBPOENA**

    **THIS CAUSE** came before this Court on Plaintiff's Motion to Quash Administrative Subpoena (the "Motion"), (ECF No. 1.) This Court has reviewed the Motion, pertinent portions of the record, and applicable law and is otherwise fully advised in the premises. Accordingly, after careful consideration, the Motion is **DENIED** for the reasons set forth herein.

    Defendant, the United States Securities and Exchange Commission ("SEC"), has opened an investigation styled *In re LGB Tokens*, A-04010 as to whether Plaintiff or entities he controls may have violated federal securities laws by the purchase and sale of the "Let's Go Brandon" Coin ("LGBCoin"). (Resp. at 1–3, ECF No. 6.) Pursuant to this investigation, the SEC issued an administrative subpoena to Plaintiff seeking documents and communications relevant to determining whether the LGBCoin was offered and sold as a security. (*Id*. at 3–4; *see also* ECF No. 1-16.) Instead of complying with the subpoena, Plaintiff has filed the instant Motion, seeking to quash the subpoena on the basis that the SEC does not have jurisdiction to issue the subpoena because the LGBCoin is not a security. (*See generally* Mot.) However, as the SEC aptly noted, "the information sought by the subpoena is exactly the type of evidence that would be needed in order to make the legal determination of whether LGBCoin was part of transactions in securities." (Resp. at 2.) *See SEC v. Brigadoon Scotch Distributing Co.*, 480 F.2d 1047, 1053 (2d Cir. 1973) ("The Commission must be free without undue interference or delay to conduct an investigation which will adequately develop a factual basis for a determination as to whether particular activities

come within the Commission's regulatory authority."); *see also SEC v. Savage*, 513 F.2d 188, 189 (7th Cir. 1975) (rejecting appellants' argument that the "SEC must establish its 'jurisdiction' by showing that appellants' commodity futures contracts are 'securities' within the meaning of the Securities Act before they can be compelled to obey the subpoena.").

Lastly, this Court finds that the SEC has established that the *Powell* criteria are met in order for the Court to enforce the administrative subpoena. (Resp. at 8.) *See Sec. & Exch. Comm'n v. Marin*, 982 F.3d 1341, 1352 (11th Cir. 2020) ("To obtain judicial enforcement of an administrative subpoena, an agency such as the SEC must establish four things: '[1] that the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to the purpose, [3] that the information sought is not already within the [agency's] possession, and [4] that the administrative steps required . . . have been followed ....'") (quoting *United States v. Powell*, 379 U.S. 48, 85 (1964)).

Accordingly, for the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. The Motion, (ECF No. 1), is **DENIED**.
2. Plaintiff, James L. Koutoulasis, is **ORDERED** comply with the SEC's subpoena, (ECF No. 1-16).
3. The Clerk is **DIRECTED** to **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23 day of May 2024.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record