# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
### CIVIL DIVISION

JAMES L. KOUTOULAS                                    Case No.: 1:23-cv-22345

      Plaintiff,

vs.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

      Defendant.

_____/

## MOVANT JAMES KOUTOULAS'S MOTION TO STAY MAY 23, 2024 ORDER REQUIRING COMPLIANCE WITH ADMINISTRATIVE SUBPOENA PENDING APPEAL

COMES NOW, Defendant, JAMES L. KOUTOULAS ("Mr. Koutoulas"), by and through the undersigned counsel, hereby moves this Court to enter an order staying compliance with the Court's May 23, 2024 Order [ECF 19] (the "Order"), which requires compliance with an administrative subpoena issued by the United States Securities and Exchange Commission to Mr. Koutoulas personally and in support thereof, states as follow:

### INTRODUCTION

This action arises from the filing of a Motion to Quash Administrative Subpoena [ECF 1] ("Motion") filed by Mr. Koutoulas against the United States Securities and Exchange Commission (the "Commission" or "SEC"). The Commission's jurisdiction is limited to "securities," and the federal securities statutes and regulations and their enforcement. See Securities Act of 1933, 15 U.S.C. 77a-77mm (1934), Sec. 2, Exchange Act of 1934, Sec. 4. Mr. Koutoulas' Motion challenges the Commission's jurisdiction over the cryptocurrency meme coin being targeted,

LGBcoin, asserting it does not qualify as a security under federal securities laws. He also argues that the Commission's request for his personal financial information violates his constitutional right to privacy, especially without a legitimate legal basis. *See* Administrative Subpoena attached herein as **Exhibit "A"**.

Despite recent legal opinions highlighting the Commission's overreach in cryptocurrency matters and the lack of support in establishing a digital meme coin as a security, this Court denied Mr. Koutoulas' Motion on May 23, 2024 ("Order") [ECF 19]. Mr. Koutoulas intends on timely appealing the Court's ruling in accordance with Fed. R. App. P. 4 and 28 U.S.C. § 1291. Additionally, the Court's Order does not include a date of compliance with the subject Administrative Subpoena. Mr. Koutoulas to seek a stay of compliance pending resolution of the appeal, due to the severe implications for both his constitutional rights and the public interest.

## LEGAL STANDARD

"A party must ordinarily move first in the district court for the following relief...a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(A)(1). *Cumberland Tel. & Tel. Co. v. Louisiana Public Service Commission*, 260 U.S. 212, 219, 43 S.Ct. 75, 67 L.Ed. 217 (1922); *United States v. El-O-Pathic Pharmacy*, 192 F.2d 62 (9th Cir., 1951); *United States v. Hansell*, 109 F.2d 613 (2d Cir., 1940). In evaluating whether a stay is appropriate, the Court must consider "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006) quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153

(6th Cir.1991). All four factors are not prerequisites but are interconnected considerations that must be balanced together. *Id*.

## ARGUMENT

I. **Whether the applicant has made a strong showing of the likelihood of success on the merits of the appeal.**

While the area of cryptocurrency regulation is an evolving one with several key legal decisions being made contemporaneous to the pendency of this action, the Court did not cite to one controlling eleventh circuit decision in support of its Order [ECF 19]. Moreover, more recent legal opinions, which hold greater weight than the non-binding case law referenced in the Order, have been published. Meme coins are not securities; nor is there any legal opinion to which the SEC can cite to which says otherwise. Meme coins on their face fail to meet the requirements of the *Howey* test, which is the well-established, threshold determination for a security. *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946). This is particularly evident with the meme coin in question, which was disclosed publicly from its inception as having no intrinsic value and made charitable giving and advocacy its cornerstone. The SEC's attempt to use its subpoena and investigatory powers in bad faith, as they do here, however, is well documented in recent cases. See *Sec. & Exch. Comm'n v. Dig. Licensing*, 2:23-cv-00482-RJS-DBP (D. Utah Nov. 30, 2023); *Grayscale Investments, LLC v. Sec. & Exch. Comm'n*, 22-1142, 2023 WL 5536704 (D.C. Cir. Aug. 29, 2023).

Importantly, the Major Questions Doctrine is a judicial principle that requires administrative agencies to have clear congressional authorization to make decisions that have vast economic and political significance. *West Virginia v. Environmental Protection Agency*, 597 U.S. 697 (2022), *Dep't of Fish & Game v. Fed. Subsistence Bd.*, 3:20-CV-00195-SLG, 2023 WL 7282538 (D. Alaska Nov. 3, 2023). This doctrine is applied to ensure that agencies do not overstep their statutory authority by making significant policy decisions without explicit permission from

Congress. The doctrine is particularly relevant in cases such as the matter at hand, where an agency's interpretation could lead to a major expansion of its regulatory authority or where the economic and political implications of the decision are substantial. It acts as a safeguard against agencies using ambiguous or vague statutory language to assume powers that Congress did not clearly delegate to them. The line of cases relied upon by Mr. Koutoulas which address the Major Questions Doctrine supersede the non-binding legal authority cited in the Order [ECF 19]. The SEC failed to articulate any good faith basis for their jurisdiction to obtain Mr. Koutoulas' personal bank records, which is impossible given that they cannot allege in good faith that the meme coin is a security. However, even if, arguably, the meme coin was a security – which it indisputably is not – personal bank records, on their face, would not provide any information to advance a determination as to whether the meme coin is a security. Under *Howey*, the SEC must establish the existence of an investment contract, however, personal bank records are irrelevant to ascertaining the existence of an investment contract. The SEC's requests are purely an abuse of power.[1] Furthermore, the Commission failed to address the superseding legal decisions cited above, which bring under scrutiny the SEC's motives and jurisdiction, undermining their ability to substantiate the legal basis for the Administrative Subpoena. This failure constitutes a waiver of their right to raise these new arguments in a future appeal.

Moreover, Mr. Koutoulas has a high likelihood of success on appeal due to the clear violation of the Fair Notice Doctrine. Akin to the issues cited above, in a recent cryptocurrency-related holding, Judge Torres of the Southern District of New York denied the Commission's motion to

---

[1] It should also be noted that the Mr. Koutoulas was forced to file an IL Rule 224 petition against JP Morgan Chase and Northern Trust Bank to determine whether the SEC was involved in targeting Mr. Koutoulas by way of closing his bank accounts and credit cards with no basis. This modus operandi of harassment is in line with the House Judiciary sub-committee on weaponization's exposure of the current administration's targeted action against conservative crypto currency users through Operation Chokepoint 2.0.

strike after Ripple argued the Commission has unfairly engaged in regulation by enforcement. That Court emphasized, "[a]t the very least, these facts, if true, would raise legal questions as to whether Ripple had fair notice that the term 'investment contract' covered its distribution of XRP, and the Court may need to consider these questions more deeply."  See Order, *SEC v. Ripple Labs*, SDNY 20 Civ. 10832 (AT) (SN) at ECF 440. Similarly, Mr. Koutoulas has not been provided the required Fair Notice of securities regulations applicability to a meme coin, which does not qualify as a security and is therefore outside the jurisdiction of the Commission.

## II.   Whether the applicant will be irreparably harmed absent a stay

The Commission's demand for extensive personal financial information from Mr. Koutoulas represents a blatant intrusion into his privacy. Requiring disclosure before he exhausts his appellate rights sanctions an egregious overreach of power by a government agency, lacking a legitimate basis for its allegations regarding the meme coin's classification as a security within its jurisdiction. Recent legal decisions suggest digital meme coins are commodities, not securities, irrespective of what the Commission claims it can ascertain from Mr. Koutoulas' financial records. The Court's Order [ECF 19] essentially allows the Commission to conduct a fishing expedition without establishing a legitimate purpose, violating the constitutional intent to protect citizens' privacy and the Major Questions Doctrine.

The Commission's investigation is nothing more than a politically motivated assassination of his constitutional rights after Mr. Koutoulas gained many enemies as an attorney-advocate leading to the recovery of several billions of dollars in assets for victims of fraud perpetuated by two brokerage firms at the hand of the mentor of the Commissions' Chairman, Gary Gensler. Additionally, Mr. Koutoulas is a known whistleblower on the CFTC's underlying regulatory organization, the National Futures Association. Mr. Koutoulas also defended against the House

Ethics Committee in support of House Representative Madison Cawthorn, an LGBcoin holder, in another failed attempt by the government to wield its influence to find wrongdoing with the meme coin. However, after a lengthy investigation, the House Ethics Committee concluded there was *no basis* to pursue securities fraud charges.

Now the Commission expects to use its power to harass Mr. Koutoulas with requests for private financial documents that have no relevance as to whether LGBcoin is a security. Mr. Koutoulas has already sworn via affidavit that that LGBcoin was never sold pursuant to an investment contract, nor was any buyer ever promised any profits from a common enterprise, transaction fees, voting rights, or any other elements of a common enterprise as defined by *Howey,* the threshold analysis for the existence of a security. In fact, as previously stated, from inception the meme coin was publicly acclaimed to have no intrinsic value with the purpose of supporting charitable efforts and advocacy. Compliance with the Administrative Subpoena would irreparably harm Mr. Koutoulas by divulging private financial information to our governing body, to which any agency or branch may obtain access and weaponize for their own selfish purposes. The proverbial bell cannot be "unrung" once these records are disclosed. Not to mention, the constitutional precedence that is set by the Court's Order [ECF 19]. Mr. Koutoulas maintains a reasonable expectation that his First and Fourth Amendment rights will be not violated. These fundamental rights are under attack through the enforcement of the SEC's subpoena, making a stay pending appeal essential.

**III.**     **Whether issuance of the stay will substantially injure the other interested parties in the action**

The Commission would not be injured or prejudiced in any way by the stay. Aside from the fact that they are not entitled to the documents they are requesting since LGBcoin is not a

security, there is no remedy that the Commission could potentially seek that it wouldn't have the benefit of after an appeal. There is a greater risk of prejudicing Mr. Koutoulas and violating his constitutional rights than a risk of prejudicing the Commission's investigation by allowing the proper due diligence for appellate review, to which Mr. Koutoulas is also entitled.

IV.     <u>**Whether there is a public interest in enforcing a stay**</u>

Generally speaking, there is an interest in preventing government overreach and abuse of power, as well as preserving private individual's constitutional rights. The Court's Order is completely devoid of any specific factual findings regarding the case hand which would support the threshold requirements regarding the Commission's jurisdiction, that they are conducting this investigation for a legitimate purpose, and that the documents requested are relevant to that purpose. Additionally, there is an interest in maintaining consistency in the legal standards and precedent. In the instant matter, there have been five (5) cases just since the filing of the Motion which trump up the non-binding case law relied on by the Commission which materially alter the ultimate conclusion as to whether the Commission has jurisdiction and whether LGBcoin is a security.

WHEREFORE, Defendant, JAMES KOUTOULAS, respectfully requests that the Court enter an Order staying compliance with the Administrative Subpoena issued by the United States Securities and Exchange Commission under review in this matter pending a ruling by the appellate court, together with such further relief this Court deems just and proper.

**<u>Local Rule 3.01(g) Certification</u>**

Prior to this filing, counsel for the Plaintiffs and the undersigned conferred via email. The Plaintiffs opposes the relief sought in this motion.

**Dated**: June 20, 2024.

Respectfully submitted,

*/s/ Nicole Martell*
**NICOLE MARTELL, ESQ.**
Florida Bar No.: 100172
nicole@ddpalaw.com
**DI PIETRO PARTNERS, PLLC**
901 East Las Olas Blvd, Suite 202
Fort Lauderdale, FL 33301
Primary Email Address:
service@ddpalaw.com
Secondary Email Address:
paralegal@ddpalaw.com
Telephone: (954) 712-3070
Facsimile: (954) 337-3824

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 20, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses on the Electronic Mail Notice List.

*/s/ Nicole Martell*