UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 23-22345-CIV-MARTINEZ

JAMES L. KOUTOULAS,

    Plaintiff,

v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Defendant.
_____/

## ORDER DENYING MOTION TO STAY PENDING APPEAL

**THIS CAUSE** came before the Court upon Plaintiff's Motion to Stay Pending Appeal ("Motion") (ECF No. 20). Upon careful consideration of the Motion, the United States Securities and Exchange Commission's ("SEC") Response in Opposition, (ECF No. 21), and Plaintiff's Reply, (ECF No. 24), and being otherwise fully advised in the premises, the Court finds that the Motion is **DENIED**.

District courts have the broad discretion to stay litigation proceedings. *Clinton v. Jones*, 520 U.S. 681, 683 (1997). However, "[a] stay pending appeal is an extraordinary remedy for which the moving party bears a heavy burden." *Miccosukee Tribe of Indians of Fla. v. United States*, No. 10-23507-CV, 2011 WL 5508802, at *1 (S.D. Fla. Nov. 8, 2011) (citing *Nken v. Holder*, 556 U.S. 418, 427 (2009)). Specifically, the movant "must show that: (1) it has a substantial likelihood of success on the merits; (2) it will suffer irreparable injury unless the stay issues; (3) the stay would not substantially harm the other litigant; and (4) if issued, the stay would not be adverse to the public interest." *Id.*

None of the aforementioned factors weigh in favor of a stay. First, Plaintiff has not shown

he is likely to prevail on appeal. Plaintiff relies on the argument that this Court previously rejected—that the subpoena is invalid because "meme coins," including the one at issue, "are not securities." (Mot. at 3). Plaintiff also contends that the subpoena is invalid because Plaintiff failed to give fair notice that crypto assets may be subject to SEC regulation and because the Major Questions Doctrine precludes such regulation. (*Id.* at 3–5). However, the Fair Notice and Major Questions Doctrines do not apply to SEC investigations. *See Hannah v. Larch*, 363 U.S. 420, 422 (1960); *SEC v. Terraform Labs Pte. Ltd.*, 684 F. Supp. 3d 170, 189-90 (S.D.N.Y. 2023).

Second, Plaintiff has not shown he will suffer irreparable harm absent a stay. Plaintiff contends that compliance with the subpoena would inflict irreparable harm because it would "divulg[e] private financial information to our governing body, to which any agency or branch may obtain access and weaponize for their own selfish purposes." (Mot. at 6). This is speculative and insufficient to warrant a stay. "As we have emphasized on many occasions, the asserted irreparable injury must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

Third, the adverse party (the SEC) would suffer extreme prejudice from a stay. The SEC's investigation has already been stalled for over a year due to Plaintiff's refusal to comply with the subpoena. (Resp. at 13).

Lastly, a stay would be adverse to the public. The Supreme Court has observed that "prompt investigation and enforcement" by different federal agencies are "sometimes necessary in order to protect the public interest and that deferring or foregoing either civil or criminal prosecutions could jeopardize that interest." *Sec. & Exch. Comm'n v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 667 (5th Cir. 1981). Moreover, "[p]rotection of the efficient operation of the securities markets and the financial holdings of investors from fraudulent marketing practices may

require prompt civil enforcement which cannot await the outcome of a criminal investigation." *Id.*

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion to Stay Pending Appeal, (ECF No. 20), is **DENIED**.

**DONE and ORDERED** in Chambers at Miami, Florida this 5 day of November 2024.

                                            JOSE E. MARTINEZ
                                            UNITED STATES DISTRICT JUDGE

Copies provided to:
All counsel of record